UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

ROGER J. OTTOMAN,

        Debtor.
_____/

Case No. 24-45025

Chapter 12

Judge Thomas J. Tucker

WASHTENAW COUNTY, MICHIGAN,
et. al.,

        Plaintiffs,

vs.

THOMAS LEE WALKLEY, et al.,

        Defendants.
_____/

Adv. No. 24-4360

**ORDER REGARDING RESPONSE TO THE COURT'S AUGUST 23, 2024 SHOW-CAUSE ORDER FILED BY DEFENDANT THOMAS LEE WALKLEY (DOCKET ## 8, 14)**

On August 23, 2024, the Court entered an order entitled "Order Requiring the Defendant/Debtor Roger J. Ottoman to Show Cause in Writing Why this Removed Civil Action Should Not Be Remanded to State Court" (Docket # 2, the "Show-Cause Order").

On September 11, 2024, and again on September 13, 2024, Defendant Thomas Lee Walkley filed a response to the Show-Cause Order on behalf of himself, and also purportedly on behalf of Defendant Café Forty-One: Eleven, Inc. (*see* Docket ## 8, 14, the "Responses"). The Court will consider the Responses in this adversary proceeding only as responses by Thomas Lee Walkley, individually, and not as responses by Café Forty-One: Eleven, Inc. The reason for this is that Thomas Lee Walkley is not an attorney admitted to practice and authorized to represent

any other party in this Court, so he cannot represent or file any paper on behalf of the entity Café Forty-One: Eleven, Inc.

A non-attorney may not represent an artificial entity such as a corporation, partnership, or association in federal court.[1] *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (citations omitted) ("[It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel;" and "as the courts have recognized, the rationale for that rule applies equally to all artificial entities;" and "[t]hus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."); *see also Lattanzio v. Comta,* 481 F.3d 137, 139 (2d Cir. 2007) ("A layperson may not represent a separate legal entity such as a corporation" in federal court.); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) ("A corporate president may not represent [his] corporation before a federal court. . . . [A] corporation cannot appear otherwise than through an attorney.").

Accordingly,

IT IS ORDERED that the Responses (Docket ## 8,14) will be considered by the Court as

---

[1] In his signature to the Responses, Defendant Walkley appears to indicate that he has a JD degree. But he does not allege that he is an attorney licensed to practice law in any jurisdiction. Mr. Walkley's Responses say that he is an Ohio resident. The Ohio Supreme Court's online attorney directory lists Mr. Walkley as "suspended." See https://www.supremecourt.ohio.gov/AttorneySearch/ #/33728/attyinfo (last viewed on September 16, 2024). The Court cannot find any indication in the relevant public records that Mr. Walkley is admitted to practice law in Michigan or in the United States District Court for the Eastern District of Michigan. For these reasons, and for purposes of this Order, the Court considers Mr. Walkley to be a non-attorney.

2

24-04360-tjt    Doc 18    Filed 09/17/24    Entered 09/17/24 10:29:30    Page 2 of 3

only the responses of the Defendant Thomas Lee Walkley, and no other party.

**Signed on September 17, 2024**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**